## 42372. DUNCAN-ROSE v. FIRST STATE BANK & TRUST COMPANY OF VALDOSTA, INC.

(335 SE2d 552)

WELTNER, Justice.

Over four decades ago, Frank Rose adopted his sister's daughter, then eight or nine years old, who is the caveatrix-appellant here. Rose supported and educated his adopted child, who, upon attaining majority, moved to California to become a teacher, earning a doctoral degree. While the daughter, Caroline Duncan-Rose, was visiting her father in December of 1981, he made several accusations against her, which she contends are without foundation in fact. He claimed that she was "an incorrigible drunk" and had brought "known homosexuals" into his home. Additionally, he criticized her personal appearance, her moral conduct and her intelligence. He made three telephone calls to her in June of 1982, during which he claimed that she had been dismissed from Agnes Scott College and that she was not a member of his family. He also accused her friend of stealing some family heirlooms, and suggested that she may have stolen family diamonds — all of which she denies.

On June 25, 1982, Rose executed a will which excluded his adopted daughter. The following day, he wrote to her a letter which stated what he had done, and repeated some of the accusations. On March 23, 1984, Rose died. The First State Bank, named as his executor, offered Rose's will for probate and the adopted daughter filed a caveat to the will, which was unsuccessful. She then appealed to the superior court, which granted the propounder's motion for summary judgment, and she appeals to this court.

The sole question for review is whether or not the evidentiary material contained in the record discloses the existence of genuine issues of material fact as to whether Rose was suffering from monomania or was laboring under a mistake of fact to such extent as to warrant the denial of probate. We have reviewed the record, and determined that the evidentiary material creates genuine issues of fact as to the claim of monomania, and that the motion for summary judgment as to that contention should not have been granted. Concerning the contention of mistake of fact, we hold that the evidence is insufficient as a matter of law, and the grant of summary judgment is affirmed. *Dibble v. Currier*, 142 Ga. 855 (83 SE 949) (1914).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, J., who concurs in the judgment only, and Clarke and Smith, JJ., who dissent.*

DECIDED OCTOBER 22, 1985.

*Elrod & Thompson, Randall A. Constantine,* for appellant.

*Barham, Elliott, Bennett, Miller, Stone & Cowart, W. G. Elliott,* for appellee.